**RECEIVED NOV 14 2022 BY MAIL**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## Eastern DIVISION

John R. Jones, #186930,
*(Write the full name of the plaintiff in this action. Include prisoner registration number.)*
Plaintiff;

v.

Jason Lewis Deputy Div. Director;
Michele Buckner, Warden;
Et al., Defendants.
*(Write the full name of each defendant. The caption must include the names of **all** of the parties. Fed. R. Civ. P. 10(a). Merely listing one party and writing "et al." is insufficient. Attach additional sheets if necessary.)*

Case No: _____
*(to be assigned by Clerk of District Court)*

Plaintiff Requests Trial by Jury
☒ Yes     ☐ No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

### NOTICE:

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepayment of fees and costs.*

Attachment - A

1. Michele Buckner, Warden: At South Central Corr. Center [sued in official Capacity]
2. Ms. Missy Wade (Fm) Unit Manager of 6-House: At South Central Corr. Center, located At: 255 W. Highway 32, Licking, Mo 65542 [Sued in individual Capacity].
3. Chaplain Coline: At South Central Corr. Center, located At: 255 W. Highway 32, Licking, Mo 65542 [Sued in individual & official Capacity].
4. Deana Kells (Corr. officer): At South Central Corr. Center, located At: 255 W. Highway 32, Licking, Mo 65542 [Sued in individual capacity].
5. Christopher Meier (Corr. officer): At South Central Corr. Center, located At 255 W. Highway 32, Licking, Mo 65542 [Sued in individual capacity].
6. Nurse Sullivan: At South Central Corr. Center, located At: 255 W. Highway 32, Licking, Mo 65542 [Sued in individual capacity].
7. Dr. Chada: At South Central Corr. Center, located At: 255 W. Highway 32, Licking, Mo 65542 [Sued in individual Capacity].
8. Kathy Barton, (Director of Nursing): At South Central Corr. Center, located At 255 W. Highway 32, Licking, Mo 65542 [Sued in individual capacity].
9. Cheryl Edington, RN, DON: At South Central Corr. Center, located At: 255 W. Highway 32, Licking, Mo 65542 [Sued in individual Capacity].
10. Plaintiff; John R. Jones #1136930, Address: 255 W. Highway 32, Licking, Mo 65542.
11. Defendant (Jason Lewis, Deputy Division Director), 2729 Plaza Dr., P.O. 236, Jefferson City, Mo 65102.

Attachment-B (1 of 4)

A.

Shower, yet these staff members continue to deny the plaintiff saying, "this would be a security threat to security and would interfere with normal operations of the institution".

5. On 4-14-22, Michele Buckner, Warden wrote Mr. Jones stating; [Showing Concerns in an attempt to resolve all complaints/issues at the lowest possible, I am having your request reviewed by Chaplain Collins, Indicated Staff, please copy your response to the offender by 4-22-22.

6. On 4-19-22, C.O. Ketts wrote the plaintiff a violation for covering the handicap shower up partially when showering stating in part; offender has been warned and directed to stop this conduct by Severe staff Including housing unit FUM Missy Wade. Offender continues to disregard all directives that shower curtain is [Not] allowed to utilized. This places offender in violation of [Rule 19.4 Creating a disturbance]. And it went on to say [Offender's actions jeopardize safety and security of staff, offenders and Institution].

7. On 4-21-22, Chaplain Collins wrote to Mr. Jones, After talking with you and checking on the information about your religion Al-Islam, it seems that it is advised for Muslim men to cover up if given the opportunity. At this time the [Dept. of Corr.] does not have any policy changes that would allow you to hang a sheet over the shower in order to shield your upper body from the view of others, sorry for your inconvenience.

8. On 4-29-22, C.O. Meier wrote Mr. Jones a violation for blocking the handicap shower while showering stating in part this created a safety violation under 33.1.

9. On 6-28-22, C.O. Ketts wrote Mr. Jones a violation for utilizing the [Transgender only shower curtain while utilizing the handicap shower]. Offender has been repeatedly warned [transgender only allowed] to use item, this places offender in violation of [Rule 19.4 Creating a disturbance].

Case 6:22-cv-03327-BP   Document 1   Filed 11/14/22   Page 3 of 9

Attachment-B (2 of 4)

10. South Central Corr. Center has a policy that allows transgender's only to use a shower curtain in the handicap shower knowing you can see a inmate's whole body and there is no justification to treat inmate's differently in those situation due to area.

11. Offender Rulebook of Missouri (Prison Rape Elimination Act) states in part; [Avoid Casual Nudity and talking about sex].

12. According to the Missouri DOC Rule 7.3 Deliberate and Conspicuous Exposure of one's genitals or masterbation towards other due to [not] being able to cover-up puts me at risk of getting a violation for showing.

13. The plaintiff is disabled and have to use the handicap shower without any curtain and Mr. Jones [whole] body is exposed to anyone walking past the shower and/or Control Booth or front unit Door of unit.

14. A Summary of Islamic jurisprudence By: DR. SÂLIH AL-FAWZÂN Volume(1) states in part; "It is obligatory for a muslim to screen himself while taking a bath for it is impermissible to take a bath naked while being seen by people, as stated in the hadîth in which the prophet (PBUH) says: [Verily, Allah is modest and he likes Modesty and veiling, so when anyone of you takes a bath, he should screen himself (so as not to be seen by others)].

15. The South Central Corr. Center are discriminating with their policy regarding the handicap showers by allowing transgender inmates to use the shower curtain because the handicap showers have a big opening for inmates to see your whole body while walking around the wing and inmates with disability are just left to be exposed and can't use the shower curtain because a inmate with a disability creates a disturbance when using a shower curtain but don't create a disturbance if a transgender uses a shower curtain.

16. Chaplain Collins, the warden Buckner, as well as Ms. Nade the Unit Manager has the authority to change this policy so that the policy would not discriminate nor violate Mr. Jones' religious rights.

Attachment-B (3 of 4)

17. Ms. Kelts and Meier's discriminated by continuing to write Mr. Jones violations for creating a disturbance due to using a showering curtain in the handicap shower yet, [Not] writing violations to the transgenders at S.C.C.C. for creating a disturbance and interfering with Normal operations.

18. This is a on-going issue at South Central Corr. Center and the plaintiff's rights continue to be violated as long as this is a policy and the inmate is disabilied and need to use a handicap, as well as this continue to violate his religious rights under the first Amendment, and his 14th Amendment.

Complaint #2.

19. The plaintiff Jones hurt his right bicep and injured his shoulder while located at South Central Corr. Center in 2021, of July.

20. Mr. Jones finally had a X-Ray on his Right shoulder because it was determined that he had a torn Bicep (known as a popeye muscle) tendon and a fracture on 12-6-21.

21. Mr. Jones complained of pain and Received [NO] treatment and/or pain medication.

22. On 4-7-22, Jones Received topical Rub was given under a ARN A/u c NSC (4) months later for his torn Bicep tendon and fractured shoulder with no medication for pain and denied to see a specialist for surgery.

23. The plaintiff filed a Informal Resolution Request on 4-21-22, and the RN, DON Cheryl Edington Responded stating in part; "According to medical records you had shoulder X-Rays done on [12-6-21 that showed no fracture]. You were seen by [Doctor on 4-7-22 and prescribed topical Rub for pain] which is what you requested at that time per documentation].

24. Mr. Jones never asked for topical Rub for pain, the plaintiff Requested pain medication and to be given a MRI and see a

Attachment-B (4 of 4)

specialist to be able to have surgery because it's causing to much pain yet the Doctor stated No he didn't think Jones needed anything he requested.

25. On 7-19-21, Mr. Jones self declared about 1:40pm because he injured his shoulder while exercising. Once Jones got to the medical unit for his emergency Nurse Michael Sullivan failed to examine him and just stated you don't look like you are injuried you are ok just go to sick call when they have it on your unit and sent Jones back to his unit.

26. On 7-19-21, later that day about (30) minutes later Jones self declared due to his muscle an shoulder was in so much pain he couldn't move his shoulder and arm. Captain Terry asked medical to examine Mr. Jones. However, once Jones arrived at the medical unit Nurse Michael Sullivan told Jones there is nothing wrong with you I am not going to examine you and "I don't care if you keep having your mother call up here, so you can go back to your housing unit." And Jones was denied any and all medical treatment.

27. Mr. Jones was denied medical treatment by Nurse Michael Sullivan on 7-19-21.

28. On 12-6-21, Jones had a x-ray regarding the medical issue from 7-19-21, and found out he had a torn bicep tendon (known as a popeye muscle) and a shoulder fracture in which Nurse Michael Sullivan dued Jones medical treatment.

29. The plaintiff is continued to be denied surgery and see a specialist and be denied medical treatment, along/w medication for the above mentioned injuries.

III.   Do your claims involve medical treatment?        Yes ✗    No ____

IV.   Do you request a jury trial?                      Yes ✗    No ____

V.    Do you request money damages?                     Yes ✗    No ____

State the amount claimed?                               $_____/_____(actual/punitive)
Compensatory and punitive injuries jointly

VI.   Are the wrongs alleged in your complaint continuing to occur?   Yes ✗   No ____   And severly.

VII.  Grievance procedures:

A. Does your institution have an administrative or grievance procedure?
                                                        Yes ✗    No ____

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution?   Yes ✗    No ____

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)

_____

_____

D. If you have not filed a grievance, state the reasons.
   N/A
_____

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case?          Yes ____    No ✗

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated?   Yes ✗    No ____

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.

(1) Style:   John R. Jones   V.   _____
             (Plaintiff)              (Defendant)
(2) Date filed: _____

2

(3) Court where filed: Western Dist. of Missouri Western Div.

(4) Case Number and citation: _____

(5) Basic claim made: Deliberate Indifference

(6) Date of disposition: _____

(7) Disposition: Pending Supreme Court
(Pending) (on appeal) (resolved)

(8) If resolved, state whether for: N/A
(Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX. Statement of claim:

A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

1. Jones Arrived At South Central Corr. Center on 5-15-15.
2. At all times mentioned in this Complaint Jones was housed on A-wing in 6-house in cell:101.
3. Mr. Jones is a disabled inmate, so he has to use the handicap shower on the wing located on the bottom walk of A-wing.
4. Mr. Jones has continued to Request to Ms. Wade the (FUM), Warden Ms. Buckner, and Chaplin Collins, Regarding being allowed to use the Shower curtain due to the way the handicap is made anyone walking past and/or can standing in front of the control Booth or in front of A-wing can see a inmate full Body while showing in the handicap
SEE (Continuation)

B. State briefly your legal theory or cite appropriate authority:
1. In-corporating par. 3 thru 18 defendant's Michele Buckner, Missy Wade, Chaplain Collins violated 1st Amendment under the Religious Rights of the U.S. Constitution.
2. Incorporating par. 3 thru 18 defendant's Michele Buckner, Missy Wade, Chaplain Collins, C.O. Kells, C.O. Meier violated the 14th Amendment under the Discrimination (Class of ONE) of the U.S. Constitution.
3. Incorporating par. 19 thru 29 defendant's Nurse Sullivan, Dr. Chada And Kathy Barton violated the 8th Amendment of Deliberate Indifferent of the U.S. Constitution.

SEE, Attachment-B

3

X. Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
Preliminary Injunction: forcing DOC to order a specialist and have surgery on shoulder an torn bicep; Nominal Damage; punitive Damages of 100,000 jointly an severly; Compensatory Damages of 100,000.

XI. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. _____

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?     Yes ____ No ✓

If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
_____
_____

C. Have you previously had a lawyer representing you in a civil action in this court?     Yes ____ No ✗

If your answer is "Yes," state the name and address of the lawyer.
_____ N/A _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this ___7th___ day of __November__ 2022.

*Signed and Verified by me this 8 day of November*
*[signature]*
*Notary Public, State of Missouri*
*My Commission: 01-02-24*

Signature(s) of Plaintiff(s): *John R. Jones*

John R. Jones #186930
South Central Corr. Center
255 Highway 32
Licking, Mo 65542

BILLY HERNDON
Notary Public - Notary Seal
State of Missouri
Commissioned for Texas County
My Commission Expires: January 02, 2024
Commission Number: 20229002

4